UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA AARON YOUNG, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-331 |
| ) | |
| JAMES COX and TN DEPARTMENT ) | Judge Curtis L. Collier |
| OF CORRECTIONS, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed at the Northeast Correctional Complex ("NECX"), filed a pro se civil rights action under 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss the complaint without prejudice for failure to state a claim.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only

when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

B. **Plaintiff's Allegations**

NECX Unit Manager James Cox "stopped [Plaintiff] from ordering commissary" and "put [Plaintiff's] life in danger when [he] ask[ed] for protective custody." (Doc. 2 at 3.) Additionally, Unit Manager Cox "has stopped [inmates] from shaving, haircuts, . . . classes, and [he] offers no productive service[s] whatsoever. (*Id.*)

The TDOC is responsible for the fact that Officer Potter threatened Plaintiff's life between 5:00 and 6:00 p.m. on June 10, 2024, by stating "if it was ok for [Plaintiff] to beat on people, th[e]n it was ok for the Ar[y]an Nation to beat on [him]" (*Id.* at 4 (internal quotation marks omitted).) Plaintiff has been poisoned ever since. (*Id.*) Plaintiff spent the month of July 2024 in the medical clinic at NECX because he was so sick to his stomach that he could not eat. (*Id.*) Since then, Unit Manager Cox has "taken haircuts" from inmates and "changed the commissary where [inmates] can[']t order food." (*Id.*) "They" have taken inmates' razors when they "are moved back here" and will not allow inmates to order new ones. (*Id.*) Inmates can only order hygiene products from

3

commissary, but the inmates "are only in this situation because they keep placing us in danger on the compound." (*Id.*).

Unit Manager Cox is "ma[king] it hard on" inmates so they will move back out into "the compound so further danger can take place." (*Id.*) Plaintiff has been written up five times for refusing cells "because they continue to put [him] in danger." (*Id.*)

Aggrieved, Plaintiff filed this action against Defendants James Cox and the TDOC seeking $7 million in damages for his pain and suffering. (*Id.* at 5.)

### C. Analysis

Plaintiff does not state whether he is suing Defendants in their individual capacities, their official capacities, or in both capacities. (*See generally* Doc. 2.) Out of an abundance of caution, the Court assumes Plaintiff brings this action against Defendants in both their individual and official capacities.

#### 1. Official-Capacity Claims

The TDOC is an arm of the State of Tennessee, and thus, suit against the TDOC and/or Defendant Cox in his official capacity as an employee of the TDOC is suit against the State itself. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent to the "State"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). But Plaintiff may not maintain suit against a State or its employees in their official capacities because "a state is not a 'person' within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

4

Also, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). As there has not been congressional abrogation or waiver of immunity, Plaintiff's claims against Defendants are barred by the Eleventh Amendment. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding § 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513–14 (6th Cir. 2021) (holding state officials sued in official capacity immune from suit under doctrine of sovereign immunity absent consent). Therefore, the Court will **DISMISS** the TDOC and all official-capacity claims against Defendant James Cox.

### 2. Individual-Capacity Claims

To state a claim against any Defendant Cox individually, Plaintiff must adequately plead that Defendant Cox, through his own actions, violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

While inmates are not guaranteed "comfortable prisons," they are protected against "inhumane ones," and "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* (quoting *Farmer*, 511 U.S. at 828).

The deliberate-indifference inquiry consists of two parts. *Id*. at 839–40 (citations omitted). First, the objective prong requires an inmate to show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 840 (quoting *Farmer*, 511 U.S. at 834). Second, the subjective prong requires that "an official must 'know of[] and disregard[] an excessive risk to inmate health or safety.'" *Id*. (alterations omitted) (quoting *Farmer*, 511 U.S. at 837).

But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Instead, "[r]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 25 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Thus, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id*. (citations and internal quotation marks omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis removed); *see also Rhodes*, 452 U.S. at 347.

Although it is not entirely clear, it appears that Plaintiff is currently in administrative segregation or protective custody as a safety measure. To the extent he challenges this placement, such an allegation fails to state a claim. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("placement in segregation is a routine discomfort" (citation and internal quotations omitted)). Next, the denial of a haircut and a shave also "falls far short" of a constitutional violation. *Stevenson v. Lubbock Cnty. Sheriff's Dep't*, 3 F.3d 440, 1993 WL 347322 ("Conditions of confinement that merely cause discomfort or inconvenience are not constitutionally

6

proscribed."); *see also Alexander v. Cnty. of Macomb*, No. 07-14740, 2009 WL 260484, at *6 (E.D. Mich. Feb. 3, 2009).

Further, to state a cognizable § 1983 claim for his disciplinary writeups, the denial of classes, commissary, or "productive service[s]," Plaintiff must demonstrate that his interest in these privileges and programs is a liberty interest protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). To establish such an interest, Plaintiff must show that being deprived of that right or interest imposes on him an "atypical and significant hardship" relative to the ordinary circumstances of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

However, inmates have no general constitutional right to classes, rehabilitative services, to maintain canteen privileges, or to be free from disciplinary write-ups, and therefore, Plaintiff's allegations that he has been denied these privileges or exposed to these consequences fail to state a claim. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974) (noting inmates have no constitutional right to be free from disciplinary charges); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); *Grady v. Garcia*, 506 F. App'x 812, 814–15 (10th Cir. 2013) (finding no due process claim where plaintiff denied canteen privileges for 105 days).

Additionally, Plaintiff maintains that Defendant Cox has removed certain privileges from Plaintiff and others in segregation so they "will move back out to the compound," (*Id.* at 4.) Liberally construing Plaintiff's complaint, the Court considers whether this allegation is sufficient to state a retaliation claim. To state a cognizable retaliation claim, Plaintiff must sufficiently allege

7

that (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). But Plaintiff did not engage in protected conduct by requesting to be segregated from the "compound," as prisoners have no constitutional right to request or be housed in protective custody. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("Prisoners have no right under the Constitution to be held in either protective or minimum custody." (citation omitted)). Moreover, Plaintiff "merely alleges the ultimate fact of retaliation" without any facts that would support an inference of a retaliatory motive, which is insufficient to state a § 1983 claim. *Murray v. Unknown Evert*, 84 Fed. Appx. 553, 556 (6th Cir. 2003); *Harbin-Bey V. Rutter*, 420 F.3d 471, 580 (6th Cir. 2005) ("conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." (internal quotation and citation omitted)); *see Green v. Central Ohio Transit Authority*, 647 F. App'x 555, 560–61 (6th Cir. 2016) (finding plaintiff failed to establish retaliation claim where she "point[ed] to no facts, just her own subjective belief"). And finally, Plaintiff claims that a non-Defendant officer threatened him, and that he has been poisoned. But these conclusory allegations, bereft of any factual support, fail to state a constitutional claim. *See Iqbal*, 556 U.S. at 678, 681 (holding conclusory allegations fail to state a constitutional claim); *Twombly*, 550 U.S. at 570 (holding complaint must be dismissed where plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible").

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which § 1983 relief may be granted; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**